**FILED**

**JUL 17 2017**

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Paulette A. Williams,                )
                                     )
    Plaintiff,                   )
                                     )
        v.                       )   Civil Action No. 17-1285 (UNA)
                                     )
Megan J. Brennan *et al.*,           )
                                     )
    Defendants.                  )
_____      )

MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the *in forma pauperis* application and dismiss the case because the complaint fails to meet the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Plaintiff sues the Postmaster General and a number of individuals for alleged occurrences arising from her employment with the U.S. Postal Service. Plaintiff seeks $4.4 million for having "suffered when Tony Johnson suspended me in 2015" and two other individuals "assisted [Johnson] in denying [plaintiff's] reasonable accommodation." Compl. at 7. Plaintiff further alleges that other individuals "did nothing to help" and still others "put the last dagger in [her] back, by sending that check, and not helping [plaintiff] with arbitration." *Id.* Plaintiff concludes that two other individuals "have picked up where they left off, and not allow me a transfer. The positions don't require degrees nor special training." *Id.* She then posits "[s]o what disqualifies me; minus reprisal?" *Id.* Plaintiff's cryptic statements do not provide the defendants with adequate notice of a claim.

Aside from the pleading defect, plaintiff cites as bases of jurisdiction certain provisions of the Postal Reorganization Act ("PRA"), 39 U.S.C. §§ 1001-1011, 1201-1209, which is the "remedial scheme specifically governing personnel procedures for aggrieved postal workers." *Herbst v. U.S. Postal Serv.*, 953 F. Supp. 2d 463, 468 (E.D.N.Y. 2013) (citing *Turner v. Holbrook*, 278 F.3d 754, 757-58 (8th Cir. 2002)); *see* Compl. at 6 (invoking §§ 1207, 1003 and 1006). Sections 1003 and 1006 do not provide private rights of action. *See Glenn v. U.S. Postal Serv.*, 939 F.2d 1516, 1520 (11th Cir. 1991) (agreeing "with the district court, and with all other courts that have considered the issue, that there is no implied private cause of action" under 39 U.S.C. § 1006); *Nat'l Postal Prof'l Nurses v. U.S. Postal Serv.*, 461 F. Supp. 2d 24, 33 (D.D.C. 2006) (concluding that "[t]he Court . . . cannot and will not imply a private right of action under 39 U.S.C. § 1001(b) (examining cases)). Section 1208 of the PRA may provide a private cause for vindicating rights under § 1207, governing labor disputes. *See Nat'l Postal Prof'l Nurses*, 461 F. Supp. 2d at 33 (noting that §§ 1202-1206 and § 1208 provide "multiple avenues and

2

express rights by which [Postal Service] employees may pursue employment remedies, including the right to bargain collectively and pursue claims in federal courts for breach of those collective bargaining agreements"); *Local 300, Nat. Postal Mail Handlers Union v. Nat'l Postal Mail Handlers Union, a Div. of Laborers' Int'l Union of N. Am., AFL-CIO*, 764 F. Supp. 199, 205 (D.D.C. 1991) (noting "well-settled exception to [no standing] rule" where an " 'employee may . . . challenge the arbitration award where he or she alleges and proves that the union breached its duty of fair representation, thereby subverting the arbitral process.' ") (quoting *Bacashihua v. U.S. Postal Service*, 859 F.2d 402, 406 (6th Cir.1988) (ellipsis in original)). But plaintiff's allegations are simply too fragmented to provide adequate notice of a § 1208 claim. Hence this case will be dismissed without prejudice. A separate order accompanies this Memorandum Opinion.

Date: July **13**, 2017

United States District Judge