# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PAULETTE A. WILLIAMS, *Plaintiff*, v. MEGAN J. BRENNAN, Postmaster General, *et al.*, *Defendants*. | Civil Action No. 17-1285 (RDM) |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on an assortment of motions from Plaintiff and several Defendants, including two motions to dismiss, *see* Dkt. 21; Dkt. 29. For the reasons that follow, the Court will dismiss all claims against all Defendants—with the exception of Plaintiff's Rehabilitation Act claims against Megan Brennan in her official capacity as the Postmaster General.

## I. BACKGROUND

Plaintiff Paulette Williams, proceeding *pro se*, filed this action in June 2017. Dkt. 1. The Court dismissed her initial complaint without prejudice for failure to comply with the minimal pleading requirements set forth in Rule 8 of the Federal Rules of Civil Procedure. Dkt. 4. Williams moved for reconsideration; requested that the Court reopen the case; and filed an amended complaint. Dkt. 6; Dkt. 7 (Am. Compl.). The Court granted that motion and reopened the case. Dkt. 9. The amended complaint names sixteen Defendants. The United States Attorney's Office has appeared on behalf of eleven of the Defendants, including Postmaster

General Megan Brennan and various Postal Service employees ("Federal Defendants").[1] Private counsel has appeared on behalf of four additional Defendants, all of whom apparently work for the American Postal Workers Union ("APWU").[2] As far as the Court can discern, counsel has yet to appear on behalf of the final Defendant, who is identified in the amended complaint as an "EEO Counselor."[3]

Most of the named Defendants are not discussed in any of the substantive allegations in the amended complaint. Although not a picture of clarity, the amended complaint appears to challenge the manner in which the Postal Service responded to Williams's "physical disability" and "mental health issues." Dkt. 7 at 2–3 (Am. Compl. ¶¶ 1, 5). Williams first alleges that Tony Johnson, the Postmaster of Fort Belvoir, Virginia, (1) violated the Americans with Disabilities Act of 1990 by failing to accommodate her "physical disability;" (2) violated her "rights to return to work" under the Rehabilitation Act of 1973; and (3) "creat[ed] a hostile work environment" by making "crude remarks" about her "disability" and homelessness, presumably in violation of the Rehabilitation Act. *Id.* at 2 (Am. Compl. ¶¶ 1–3). Next, she alleges that Preston Phillips, the manager of a Postal Service facility in Gaithersburg, Maryland, retaliated against her due to a "pending grievance" and that he failed to accommodate her "mental health issues." *Id.* at 3 (Am. Compl. ¶¶ 4–5). Third, she alleges that Patrice Shaw, the Officer in

---

[1] In addition to the Postmaster General, these Defendants are Linda Ackerman, Henry Bear, Monique Gillis, Tony Johnson, the Managing Counsel of the U.S. Postal Service, Kym Matthews, Robbyn Mayfield, Lisa Murray, Alicia Taylor, and Mary Walls. *See* Dkt. 25. Because the amended complaint appears to provide their work addresses, the Court will construe the pleading to name these individuals as well as Megan Brennan as Defendants in their official capacities.

[2] These Defendants are Annette August-Taylor, Romanah Nestor, Pamela Richardson, and Vance Zimmerman. *See* Dkt. 31 at 1–2.

[3] There is no evidence that this Defendant, Dana Claybrooks, has been served.

Charge at the Gaithersburg facility, threatened to "expos[e] her personal business" unless she met with Shaw "without a steward present," which was her "right [under the] collective bargaining agreement." *Id.* (Am. Compl. ¶ 6). Shaw purportedly "victimized" Williams again by asking floor supervisor Loretta McCabe to notify Williams that her "job would . . . be abolished" on July 8, 2017, which contradicted a "certified letter stating [that] the abolishment would . . . take place" on July 22, 2017. *Id.* (Am. Compl. ¶ 8). Finally, Williams alleges that the Postal Service denied her "transfers, craft changes, other positions, advancements[,] and promotions . . . due to [her] intent" to file suit against the agency and that she was "laid off again . . . due to [her] disability." *Id.* at 3–4 (Am. Compl. ¶¶ 7, 9). Williams seeks "injunctive relief," *id.* at 4 (Am. Compl. Prayer), and $4,440,000 in damages for lost wages, mental anguish, and pain and suffering, *id.* at 10 (Am. Compl.).

Two of the APWU Defendants, Romanah Nestor and Pamela Richardson, have moved to dismiss Williams's claims against them pursuant to Rule 12(b)(6). Dkt. 21. Because the amended complaint "makes no factual allegations against" them, they argue, it does not provide adequate notice of Williams's claims and fails to state any claims against them. *Id.* at 2–3 (citing Fed. R. Civ. P. 8(a), 12(b)(6)). After Nestor and Richardson filed their motion, the Court advised Williams of the consequences of failing to respond and, in addition, ordered that Williams show cause why the Court should not dismiss "the claims against all Defendants not mentioned in the substantive averments" of the amended complaint. Dkt. 22 at 1–2. In response to the motion to dismiss and the Court's Order, Williams argues that her allegations against Nestor, Richardson, and "the other individuals named as defendants" were presented in her "initial complaint," and she makes several new factual assertions: (1) that APWU filed a grievance on Williams's behalf; (2) that APWU settled without her permission; (3) that after she

3

learned of the "unfortunate pre-arbitration settlement," she informed Nestor and Richardson that she "had been sneakily bamboozled by APWU and [the Postal Service]" and would "not willingly . . . accept [such a] small payout;" and (4) that Nestor and Richardson failed to invalidate the settlement, barring Williams from pursuing arbitration. Dkt. 28 at 2–5. The other two APWU Defendants, Annette August-Taylor and Vance Zimmerman, filed a similar motion to dismiss. Dkt. 29. Williams's opposition, filed hours later, recounts how Williams allegedly contacted August-Taylor and Zimmerman to "figure out who [she] needed to meet with" to return the settlement check so that she could pursue arbitration. Dkt. 30 at 2.

Nestor, Richardson, August-Taylor, and Zimmerman ("APWU Defendants") filed a joint reply. Dkt. 31. They argue that Williams cannot amend her complaint through her opposition brief and that the Court should dismiss her claims with prejudice because "individual union officials and employees cannot be held liable" for breaching a union's duty of fair representation. Dkt. 31 at 2–4. In addition, they assert—preemptively—that the Court should deny leave to amend to sue the APWU itself because such an amendment would be futile. Dkt. 31 at 4–8.

Because Williams responded to August-Taylor and Zimmerman's motion to dismiss before the Court could notify her of the consequences of failing to respond or to address particular arguments, the Court permitted her to file a supplemental opposition. Dkt. 32. Her supplemental opposition clarifies that her claims against August-Taylor and Zimmerman are based on their "refus[al] to allow [her] the opportunity to g[o] before an administrative law judge." Dkt. 33 at 2. The next day, Williams moved for leave to file a second amended complaint but did not attach a proposed pleading. Dkt. 34. In addition, Williams has filed a second motion for a preliminary injunction barring the Postmaster General "from constantly doing things in a mischievous manner to [Williams's] wages" and requiring that the Postal

4

Service "put [Williams] back to work straightaway." Dkt. 18. Finally, Williams has renewed her request that the Court appoint counsel to represent her, Dkt. 13; Dkt. 23, and has filed an "emergency motion to appoint counsel," Dkt. 35.

## II. ANALYSIS

**A.    Williams's Claims**

Complaints by *pro se* litigants are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court, accordingly, may "consider supplemental materials filed by [Williams,] a *pro se* litigant[,] in order to clarify the precise claims" raised in the amended complaint. *Greenhill v. Spellings*, 482 F.3d 569, 572 (D.C. Cir. 2007). Even a *pro se* litigant, however, must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1). This requirement "ensures that the opposing party will receive 'fair notice of what the . . . claim is and the grounds upon which it rests.'" *Jones v. Changsila*, --- F. Supp. 3d ---, 2017 WL 4179881, at *7 (D.D.C. Sept. 20, 2017) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). "Where a complaint is insufficiently focused, it places an undue burden on the defendant to answer or move[,] and it invites unnecessary delay and confusion in the proceedings." *Achagzai v. Broad. Bd. of Governors*, 109 F. Supp. 3d 67, 71 (D.D.C. 2015). Moreover, "a *pro se* complaint, like any other, must present a claim upon which relief can be granted," as required by Rule 12(b)(6). *Henthorn v. Dep't of Navy*, 29 F.3d 682, 684 (D.C. Cir. 1994) (citation omitted)).

1. *APWU Defendants*

Williams's amended complaint does not contain any factual allegations with respect to the individual APWU Defendants, but, rather, merely alleges that she was "tricked" by the APWU. Dkt. 7 at 3 (Am. Compl. ¶ 7). As her oppositions clarify, Williams contends that the union procured an unauthorized and inadequate settlement and that the individual APWU Defendants failed to take corrective action. *See* Dkt. 28; Dkt. 30. The Postal Reorganization Act provides, "Any money judgment against a labor organization . . . shall be enforce[a]ble only against the organization as an entity and against its assets, and shall not be enforce[a]ble against any individual member or his assets." 39 U.S.C. § 1208(c). Accordingly, to the extent Williams intends to allege that the individual APWU Defendants breached the duty of fair representation, her claims must be dismissed. *See Price v. Union Local 25*, 787 F. Supp. 2d 63, 66 (D.D.C. 2011) ("[I]ndividual union officer[s] may not be held liable for money damages based on . . . actions undertaken as an officer of the union.").[4] To the extent Williams intends to assert other claims against the APWU Defendants, such claims cannot be discerned from the amended complaint and, therefore, must also be dismissed. *See* Fed. R. Civ. P. 8(a), 12(b)(6).

In their joint reply, the APWU Defendants argue that the Court should preemptively deny Williams leave to amend her complaint to assert claims against APWU. Because Williams has not submitted a proposed second amended complaint, denying her leave to amend would be premature.

---

[4] *Price* addressed a duty of fair representation claim brought pursuant to § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. *Price*, 787 F. Supp. 2d at 66. The Postal Reorganization Act of 1970, 39 U.S.C. § 1208, however, is the "analogue" of § 301 of the LMRA, *Nat'l Ass'n of Letter Carriers, AFL-CIO v. U.S. Postal Service*, 590 F.2d 1171, 1174 (D.C. Cir. 1978), and the same conclusion the Court reached in *Price* applies under the Postal Reorganization Act.

Accordingly, the Court will grant the APWU Defendants' motions to dismiss, Dkt. 21; Dkt. 29, for failure to state a claim and will dismiss Williams's claims against Defendants Nestor, Richardson, August-Taylor, and Zimmerman.

2.  *Dana Claybrooks*

The amended complaint also names Dana Claybrooks as a Defendant; identifies her as an "EEO Counselor;" and lists the U.S. Postal Service Headquarters as her address. Dkt. 7 at 6. Williams has not alleged any facts respecting Claybrooks. Because the Court cannot discern the substance of Williams's claim against Claybrooks, the Court will, *sua sponte*, dismiss the amended complaint as to this Defendant. *See Fontaine v. JPMorgan Chase Bank, N.A.*, 42 F. Supp. 3d 102, 109 n.3 (D.D.C. 2014).

3.  *Federal Defendants*

The amended complaint alleges that Tony Johnson, the Postmaster of the Fort Belvoir, Virginia facility, discriminated against Williams in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*[5] She also alleges that other Defendants failed reasonably to accommodate her disabilities; that she was subject to harassment and retaliation; and that she was improperly suspended or "laid off" due to her disability. Dkt. 7 at 2–3 (Am. Compl. ¶¶ 1, 4–5, 7). Mindful that *pro se* pleadings should not be held to the strict standards applicable to pleadings filed by

---

[5] The amended complaint also alleges that Williams's due process rights under the Fourteenth Amendment to the U.S. Constitution were violated because she was "deprived" of something "without fair procedures." Dkt. 7 at 10. The Court will construe the pleading to allege a violation of Williams's due process rights under the Fifth Amendment to the U.S. Constitution, which applies to the federal government. Williams, however, has not identified the Defendant responsible for the alleged deprivation nor clarified the nature of that deprivation. Accordingly, the Court will dismiss any due process claim that the amended complaint may be construed to have asserted.

7

counsel, the Court will construe Williams's amended complaint to allege claims under both the ADA and the Rehabilitation Act against each of the Federal Defendants.

Even liberally construed, Williams's ADA claims fail as a matter of law. The ADA does not apply to federal employees because "the federal government is not considered an 'employer' under the ADA." *Ahmed v. Napolitano*, 825 F. Supp. 2d 112, 115 (D.D.C. 2011); *see also* 42 U.S.C. § 12111 ("The term 'employer' does not include . . . the United States . . . ."). Williams's claims under the ADA will, therefore, be dismissed as to all Federal Defendants.

The Rehabilitation Act, in contrast, does provide a remedy to federal employees, and, indeed, constitutes "the exclusive remedy for federal employees alleging disability discrimination." *Welsh v. Hagler*, 83 F. Supp. 3d 212, 222 (D.D.C. 2015) (collecting cases). Under the Rehabilitation Act, however, "only the heads of federal agencies in their official capacity may be sued, not their individual employees." *Richardson v. Yellen*, 167 F. Supp. 3d 105, 118 (D.D.C. 2016); *see also Nurriddin v. Bolden*, 674 F. Supp. 2d 64, 81–82 (D.D.C. 2009); *Marshall v. Potter*, 634 F. Supp. 2d 66, 68 n.1 (D.D.C. 2009); *Paegle v. Dep't of Interior*, 813 F. Supp. 61, 64 n.2 (D.D.C. 1993) ("Since the Rehabilitation Act draws from the procedures of Title VII, the only proper defendant is the head of the department, agency or unit." (citations and internal quotation marks omitted)). Williams apparently seeks to assert claims under the Rehabilitation Act against Postmaster General Megan Brennan as well as ten other Postal Service employees. *See* Dkt. 30. As the head of the Postal Service, the Postmaster General is the only proper defendant with respect to Williams's disability discrimination claims. In addition, the amended complaint does not allege any facts concerning nine of the ten other Postal Service employees.

Accordingly, the Court will *sua sponte* dismiss Williams's claims under the Rehabilitation Act as to all Federal Defendants except the Postmaster General: Defendants Ackerman, Bear, Gillis, Johnson, Managing Counsel of the U.S. Postal Service, Matthews, Mayfield, Murray, Taylor, and Walls. As a result, the only remaining Defendant in this action is Postmaster General Megan Brennan; the only remaining claims stem from Williams's allegations that the Postal Service violated her rights under the Rehabilitation Act.

**B.  Williams's Motion for a Preliminary Injunction**

Shortly after her case was reopened, Williams filed a motion for a preliminary injunction. Dkt. 14. The Court denied that motion, holding that the only two Defendants who had been served at that time were "apparently not subject to [that] motion" and that the motion was, accordingly, premature. Dkt. 17. Two days later, Williams filed a second motion for a preliminary injunction. Dkt. 18. The Federal Defendants have now responded to that motion, Dkt. 25, and Williams has filed a reply brief, Dkt. 26. The Court concludes that no hearing is required to resolve Williams's second motion for a preliminary injunction.

As an initial matter, it is not clear what preliminary relief Williams seeks. *See* Dkt. 18. At one point, Williams asserts that she is asking that the Court order the Postal Service to put her "back to work straightaway," Dkt. 18 at 3, while, at another point, she asserts that she "is back to work after being forced off for two whole months," *id.* at 1; *see also* Dkt. 26 at 2 (referring to Williams's prior layoff, at least two weeks of which were with pay). Elsewhere, she appears to seek an injunction that would prevent the Postal Service from laying her off in the future. Dkt. 18 at 1. She also asserts, without elaboration, that she is seeking an order "enjoining" the Postal Service "from constantly doing things in a mischievous manner to [her] wages." *Id.* at 2. Her

9

motion, moreover, contains little argument explaining why she is entitled to a preliminary injunction.

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). Williams must demonstrate that (1) she is likely to succeed on the merits; (2) that she is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in her favor; and (4) that an injunction is in the public interest. *Id.* at 20. If Williams cannot show a likelihood of success on the merits, "there is no need to consider the remaining factors." *Greater New Orleans Fair Hous. Action Ctr. v. U.S. Dep't of Hous. & Urban Dev.*, 639 F.3d 1078, 1088 (D.C. Cir. 2011).

Even liberally construing Williams's amended complaint and motion for a preliminary injunction, she has failed to carry her burden of demonstrating that she is entitled to preliminary relief. As explained above, the sole claim that remains at this time is her claim against the Postmaster General for violating the Rehabilitation Act. Her motion for a preliminary injunction, however, does not establish that she is likely to prevail on that claim. Indeed, the Court has before it little more than conclusory assertions—unsupported by any evidence—that the Postal Service failed to accommodate Williams's disability and has, in the past, taken retaliatory and harassing actions against her. It is unclear whether Williams has exhausted her Rehabilitation Act claim, *see Spinelli v. Goss*, 446 F.3d 159, 162 (D.C. Cir. 2006); it is unclear whether her claim was addressed in whole or in part through the APWU grievance proceeding she references, *see* Dkt. 28 at 2–3, and it is unclear what the Postal Service has allegedly done—and, more importantly—what it is likely to do in the near future that would violate Act.

The Court must, accordingly, deny Williams's motion for a preliminary injunction, Dkt.

18.

**C.     Other Motions**

Shortly after filing her amended complaint, Williams moved for appointment of counsel. Dkt. 8. The Court, however, determined that "appointment of counsel [was] not warranted" at that time in part because Plaintiff had not demonstrated "that her claims [were] particularly complex or that 'any greater interest of justice [would] be served by appointing counsel in this case than in any other *pro se* case.'" Dkt. 11 at 3 (quoting *Lamb v. Millennium Challenge Corp.*, 228 F. Supp. 3d 28, 47 (D.D.C. 2017)); *see also* Local Civil Rule 83.11(b)(3). The Court also noted that it was not clear whether her claims would survive threshold motions. Dkt. 11 at 3. Since the Court's Order, Plaintiff has filed three more motions to appoint counsel. *See* Dkt. 13; Dkt. 23; Dkt. 35. The Court will deny these motions for the reasons discussed in its earlier Order.

Finally, Williams has moved for leave to file a second amended complaint. Dkt. 34. Because she has already amended her complaint once, she is not entitled to amend as of right under Rule 15(a)(1). *See* Fed. R. Civ. P. 15(a)(1). To the extent she seeks leave to amend under Rule 15(a)(2), Williams must attach the proposed pleading to her motion to allow the Court to assess whether the amendment would be appropriate. *See* Local Civil Rule 48(g) ("A motion for leave to file an amended pleading shall be accompanied by an original of the proposed pleading as amended."). The Court will, therefore, deny her motion for leave to amend, Dkt. 34, without prejudice.

## CONCLUSION

It is hereby **ORDERED** that Nestor and Richardson's motion to dismiss, Dkt. 21, and August-Taylor and Zimmerman's motion to dismiss, Dkt. 29, are **GRANTED** pursuant to Rule 12(b)(6); and it is further

**ORDERED** that Williams's claim against Dana Claybrooks is **DISMISSED** *sua sponte* for failure to comply with Rule 8(a); and it is further

**ORDERED** that Williams's ADA and due process claims are **DISMISSED** *sua sponte* as to all Federal Defendants; and it is further

**ORDERED** that Williams's Rehabilitation Act claims are **DISMISSED** *sua sponte* as to all Federal Defendants with the exception of Megan Brennan in her official capacity; and it is further

**ORDERED** that Williams's motion for a preliminary injunction, Dkt. 18, is **DENIED**; and it is further

**ORDERED** that Williams's motions for appointment of counsel, Dkt. 13; Dkt. 23; Dkt. 35, are **DENIED** without prejudice; and it is further

**ORDERED** that Williams's motion for leave to file a second amended complaint, Dkt. 34, is **DENIED** without prejudice; and it is further

**ORDERED** that Defendant Brennan shall answer or otherwise respond to the amended complaint within the time provided by Federal Rule of Civil Procedure 12(a)(2).

**SO ORDERED**.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: October 24, 2017