**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PAULETTE A. WILLIAMS, | |
| *Plaintiff*, | |
| v. | Civil Action No. 17-1285 (RDM) |
| MEGAN J. BRENNAN, Postmaster General of the United States, | |
| *Defendant*. | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF**
**MOTION TO DISMISS OR, ALTERNATIVELY, FOR SUMMARY JUDGMENT**

JESSIE K. LIU
D.C. Bar #472845
United States Attorney

DANIEL F. VAN HORN
D.C. BAR # 924092
Chief, Civil Division

BRIAN J. FIELD
D.C. BAR #985577
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
Tel: (202) 252-2551
E-mail: Brian.Field@usdoj.gov

# TABLE OF CONTENTS

I.     Plaintiff's Previous Settlement Agreement Bars Several Of Plaintiff's Claims................. 5

II.    Several Of Plaintiff's Claims Are Untimely ...................................................... 6

III.   Plaintiff's Claims Fail For Several Other Reasons ........................................... 8

# TABLE OF AUTHORITIES

## Cases

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986)........................................................................................ 5

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009).................................................................................... 4, 9

*Baird v. Gotbaum*,
   792 F.3d 166 (D.C. Cir. 2015) ...................................................................... 8

*Barbour v. Browner*,
   181 F.3d 1342 (D.C. Cir. 1999) .................................................................... 1

*Barkley v. U.S. Marshals Serv.*,
   766 F.3d 25 (D.C. Cir. 2014) ........................................................................ 7

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007)........................................................................................ 4

*EEOC v. St. Francis Xavier Parochial Sch.*,
   117 F.3d 621 (D.C. Cir. 1997) ...................................................................... 4

*Faragher v. City of Boca Raton*,
   524 U.S. 775 (1998)........................................................................................ 9

*Gustave-Schmidt v. Chao*,
   226 F. Supp. 2d 191 (D.D.C. 2002) .............................................................. 4

*Harris v. Forklift Sys., Inc.*,
   510 U.S. 17 (1993)..................................................................................... 8, 9

*Irwin v. Dep't of Veterans Affairs*,
   498 U.S. 89 (1990).......................................................................................... 7

*James v. HHS*,
   824 F.2d 1132 (D.C. Cir. 1987) ................................................................. 6, 7

*Johnson v. Penn Camera Exchange*,
   583 F. Supp. 2d 81 (D.D.C. 2008) .......................................................................... 5

*Kilby-Robb v. Spellings*,
   522 F. Supp. 2d 148 (D.D.C. 2007) ........................................................................ 5

*Kowal v. MCI Commc'ns Corp.*,
   16 F.3d 1271 (D.C. Cir. 1994) ............................................................................... 4

*Mondy v. Secretary of the Army*,
   845 F.2d 1051 (D.C. Cir. 1988) ............................................................................. 7

*Nat'l R.R. Passenger Corp. v. Morgan*,
   536 U.S. 101 (2002) ........................................................................................ 7, 8

*Nat'l Resources Defense Council, Inc. v. Train*,
   510 F.2d 692 (D.C. Cir. 1975) ............................................................................... 7

*Park v. Howard Univ.*,
   71 F.3d 904 (D.C. Cir. 1995) ................................................................................. 6

*Rann v. Chao*,
   346 F.3d 192 (D.C. Cir. 2003) ............................................................................... 6

*Saltz v. Lehman*,
   672 F.2d 207 (D.C. Cir. 1982) ............................................................................... 6

*Schmidt v. Shah*,
   696 F. Supp. 2d 44 (D.D.C. 2010) .......................................................................... 5

*Stewart v. Evans*,
   275 F.3d 1126 (D.C. Cir. 2002) ............................................................................. 9

*Strumsky v. Wash. Post Co.*,
   842 F. Supp. 2d 215 (D.D.C. 2012) ........................................................................ 2

*Washington v. WMATA*,
   160 F.3d 750 (D.C. Cir. 1998) ............................................................................... 7

**Rules**

Federal Rule of Civil Procedure 12(b)(6) .................................................................. 3

Federal Rule of Civil Procedure 56 .......................................................................... 5

**Regulations**

29 C.F.R. § 1614.105 ......................................................................................... 6

29 C.F.R. § 1614.108 ...................................................................................... 6, 7

*Pro se* Plaintiff, an employee of the United States Postal Service ("USPS"), has a history of disagreements with her employer.   Now she asks this Court to become a "super-personnel department" to examine various USPS decisions (none of which is timely before this Court). *Barbour v. Browner*, 181 F.3d 1342, 1346 (D.C. Cir. 1999).  Of course, federal courts are not to take on such roles.  *See id.*   Rather, this Court should dismiss Plaintiff's claims.  As this Court aptly noted when denying Plaintiff's Motion for Preliminary Injunction, her Amended Complaint contains "little more than conclusory assertions" for which it is "unclear whether [Plaintiff] has exhausted" her administrative remedies.  Mem. Op. at 10 (ECF No. 37).   As discussed here, Plaintiff's claims fail because they are precluded by a previous settlement agreement, are untimely, and fail to satisfy the pleading requirements of the Federal Rules of Civil Procedure.

## BACKGROUND

This case involves a series of disputes that Plaintiff has had with her employer, the United States Postal Service ("USPS"), regarding, *inter alia*, her requests for reasonable accommodations, claims of retaliation, and claims of a hostile work environment.  Although it is not necessary to recount the entire saga at this stage, there are several relevant facts to note before proceeding to discuss the various ways in which Plaintiff's Amended Complaint fails.

On December 10, 2015, Plaintiff filed a grievance with her employer, USPS, claiming that she "was denied work hour [sic] after requesting reasonable accommodations due to her work limitations and permanent [sic] medical condition."  *See* P. Williams Grievance No. FB-12-1-301-15 at 1 (attached as Ex. A).[1]   Specifically, Plaintiff claims that on November 30, 2015, she

---

[1] Although it is not clear if Plaintiff's vague reference to a "pending grievance" in her Amended Complaint is an express reference to this grievance, Defendant contends that the Court may nonetheless consider the attached grievance because Plaintiff's filings to date have made frequent reference to the grievance and also the subsequent settlement.  *See, e.g.*, ECF No. 1-2 at 4 ("I most certainly did all I should … by filing both an EEOC and a grievance with APWU").  Accordingly,

submitted materials to her supervisor in support of a request for a reasonable accommodation.  *See id.*  But according to Plaintiff, her request was denied.  *See id.*  Plaintiff settled this grievance on April 20, 2017.  *See* Settlement Agreement, Grievance No. FB-12-1-301-15 at 1 (attached as Ex. B).[2]  This settlement was expressly related to disputes about Plaintiff's request for "light duty." *Id.*

On May 4, 2017, Plaintiff filed an informal Equal Employment Opportunity ("EEO") claim, complaining that her "grievance … was settled ineffectively."  *See* P. Williams Informal EEO Claim at 1 (May 4, 2017) (attached as Ex. C).[3]  This claim also raised complaints about the same denial of her reasonable accommodation request underlying her grievance discussed above. *See id.*  Several months later, Plaintiff filed a formal EEO claim.  *See* P. Williams Formal EEO Claim (Aug. 9, 2017) (attached as Ex. D).[4]  In it, Plaintiff raised complaints about the denial of her "light duty" request, her "unjust suspension," denied schedule changes, threats about meeting with

---

this Court may consider the grievance and related documents because they are incorporated by reference.  *See Strumsky v. Wash. Post Co.*, 842 F. Supp. 2d 215, 217–18 (D.D.C. 2012).  It is also worth noting that although Plaintiff's Amended Complaint does not contain as many factual allegations and references to the attached exhibits as did her original Complaint, it is unclear if Plaintiff believes that her original Complaint remains operative.  *See* Pl.'s Opp. to Mot. to Dismiss at 2 (ECF No. 28) ("although dismissed, the original Complaint is being reinforced").  If the Court concludes, instead, that these records are not incorporated by reference, Defendant has filed this Motion as one for summary judgment in the alternative and has provided the Court and Plaintiff with a statement of material facts not in genuine dispute.

[2] Like the grievance discussed above, the Court may consider this document because Plaintiff has incorporated it into her Amended Complaint, *see* Am. Compl. ¶ 7, and also in her previous filings, ECF No. 1-2 at 4 (referencing compensation received through the settlement"); ECF No. 1-2 at 5 ("referencing the "pre-arbitration settlement"); ECF No. 1-2 at 6 (referencing "that hideous settlement"); ECF No. 1 at 7 ("when I found out about the settlement, I've aged horribly").

[3] Like the documents discussed above, the Court may consider this document because Plaintiff has incorporated it into her filings.  *See* ECF No. 1-2 at 2 ("having already submitted 3 EEO complaints").

[4] Like the documents discussed above, the Court may consider this document because Plaintiff has incorporated it into her filings.  *See* ECF No. 1-2 at 2 ("having already submitted 3 EEO complaints").

her manages, as well as "harassment, retaliation, bullying, mistreatment, unfairness, [and] humiliation." *Id.*

In her Amended Complaint, Plaintiff levies several categories of complaints against Defendant, each of which mirrors the various grievances and EEO complaints discussed above. First, she includes several claims related to requests for reasonable accommodations—she claims that the USPS "denied reasonable accommodation" requests for "a physical disability," Am. Compl. ¶ 1 (ECF No. 7), "violated her rights to return to work … during the reasonable accommodation process," *id.* ¶ 2, and "denied reasonable accommodation … request due to my mental health issues," *id.* ¶ 5.

Second, Plaintiff includes several claims of retaliation—she claims that she was retaliated against due to a "pending grievance" by not being "allowed to make schedule changes," *id.* ¶ 4, and retaliated against "due to my intent to bring civil litigation against USPC" through "denied transfers, craft changes, other positions, advancements and promotions by USPS," *id.* ¶ 7.

Third, Plaintiff includes a handful of miscellaneous claims—she claims that she was subject to a "hostile work environment" through "jokes, smirks and nitpicking," *id.* ¶ 3, "bullied … by threats of exposing all my personal business, unless I met with [a supervisor] without a steward present," *id.* ¶ 6, "victimized by … the floor supervisor" who provided Plaintiff "with a memo, stating my job would first be abolished," *id.* ¶ 8, and "laid off again, due to my disability," *id.* ¶ 9.

## STANDARDS OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), Plaintiff's claims should be dismissed for failing to state a claim upon which relief can be granted if they fail as a matter of law.  Fed. R. Civ. P. 12(b)(6).  For such a motion, the Court must resolve all factual doubts in Plaintiff's favor.  *See*

*EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997).  When reviewing a Rule 12(b)(6) motion, the Court may consider "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice."  *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002).  In resolving a motion to dismiss, a court may consider "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice."  *Id.*

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the … claim is and the grounds upon which it rests[.]"  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks omitted).  But a motion to dismiss should be granted if the complaint fails to "state a claim to relief that is plausible on its face."  *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  To satisfy this standard, a complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678.  Rather, the "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]"  *Twombly*, 550 U.S. at 570.  In reviewing a complaint's allegations, a "court need not accept inferences drawn by [the] plaintiff[] if such inferences are unsupported by the facts set out in the complaint."  *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).  Likewise, a court need not accept legal conclusions couched as factual allegations.  *See Iqbal*, 556 U.S. at 678 ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").  In resolving a motion to dismiss, a court may consider "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice."  *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002).

"Summary judgment is appropriate when the pleadings and the evidence demonstrate that 'there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Kilby-Robb v. Spellings*, 522 F. Supp. 2d 148, 154 (D.D.C. 2007) (quoting Fed. R. Civ. P. 56(c)).  The party moving for summary judgment bears the initial responsibility of showing an absence of a genuine issue of material fact.  *Id.*  In deciding whether a genuine issue of material fact exists, the court must "accept all evidence and make all inferences in the non-movant's favor." *Id.*  "A non-moving party, however, must establish more than the mere existence of a scintilla of evidence in support of its position."  *Id.* (citations and quotation marks omitted). That is, "'[i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.'"  *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).

## ARGUMENT

## I.     Plaintiff's Previous Settlement Agreement Bars Several Of Plaintiff's Claims

As noted above, Plaintiff agreed on April 20, 2017, to settle her claims related to the denial of her light duty requests.  *See* Ex. B.  But she wishes to advance these same claims again through this litigation.  Indeed, the grievance underlying the settlement references the same November 30, 2015 denial of light duty request that Plaintiff now lists in her Amended Complaint.  *Compare* Ex. A at 1, *with* Am. Compl. ¶¶ 1–2.  In light of her previous settlement, any claims based on the facts alleged in paragraphs 1 or 2 of Plaintiff's Amended Complaint are waived and should be dismissed. *See Schmidt v. Shah*, 696 F. Supp. 2d 44, 62 (D.D.C. 2010) ("[a] party to a voluntary settlement agreement may waive his or her rights to litigate claims in court"); *see also Johnson v. Penn Camera Exchange*, 583 F. Supp. 2d 81, 86 (D.D.C. 2008) ("Absent a showing of fraud or duress, parties are bound by the agreements that they sign, without regard to whether they regret their decisions after the fact").

5

## II.     Several Of Plaintiff's Claims Are Untimely

Plaintiff's claims are also untimely as she failed to exhaust her administrative remedies. Accordingly, "dismissal [should] result[.]" *Rann v. Chao*, 346 F.3d 192, 194–95 (D.C. Cir. 2003); *see also Brown v. March*, 777 F.2d 8, 14 (D.C. Cir. 1985). An aggrieved party must initiate contact with an EEO counselor within 45 days of the alleged discriminatory or retaliatory conduct. *See* 29 C.F.R. § 1614.105(a).  Additionally, the agency is to complete its review of the claim within 180 days. *See id.* § 1614.108(e).  The aggrieved party may proceed to file an action in this Court after the agency has issued its final determination or has failed to issue such determination within 180 days. *See id.* § 1614.108(h).  Here, Plaintiff's various claims are barred by these rules.

1.   For the allegations contained in paragraphs 1 through 2 of Plaintiff's Amended Complaint, she initiated the EEO process on May 9, 2017. *See* Ex. C.   Plaintiff thus failed to exhaust her administrative remedies for any events that occurred prior to March 25, 2017, which was 45 days before her EEO contact.  Accordingly, any claims arising out of Plaintiff's claims in paragraphs 1 and 2 of her Amended Complaint (alleging events occurring in November and December 2015) are untimely and should be dismissed. *Rann*, 346 F.3d at 194–95.

To be sure, the 45-day time requirement is not jurisdictional, but rather operates "like a statute of limitations, [which] is subject to waiver, estoppel, and equitable tolling." *Saltz v. Lehman*, 672 F.2d 207, 208 (D.C. Cir. 1982); *see also James v. HHS*, 824 F.2d 1132, 1138 (D.C. Cir. 1987).  Adherence to these requirements, though, is not "a mere technicality," *Park v. Howard Univ.*, 71 F.3d 904, 907 (D.C. Cir. 1995), but rather "ensure[s] that the federal courts are burdened only when reasonably necessary," *Brown*, 777 F.2d at 14.  Courts in this Circuit are generally reticent to excuse a plaintiff's failure to exhaust her administrative remedies, as "[t]he obligation to initiate one's claim in the government agency charged with discrimination is part and parcel of

the congressional design to vest in the federal agencies and officials engaged in hiring and promoting personnel primary responsibility for maintaining nondiscrimination in employment." *Barkley v. U.S. Marshals Serv.*, 766 F.3d 25, 34 (D.C. Cir. 2014) (quotation marks omitted); *see also Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 108 (2002).

Courts have, however, excused a plaintiff's failure to exhaust on occasion. For instance, exhaustion has been excused in the face of a "certainty of an adverse decision," where the plaintiff provided evidence that the reviewing authority had already expressly indicated that it did not believe it had "jurisdiction over the matter." *James*, 824 F.2d at 1138; *see also Nat'l Resources Defense Council, Inc. v. Train*, 510 F.2d 692, 703 (D.C. Cir. 1975) ("agency recourse [may be] futile, … where the agency's position is firm"). Elsewhere, exhaustion has been excused where "a defendant engaged in affirmative misconduct." *Washington v. WMATA*, 160 F.3d 750, 752–53 (D.C. Cir. 1998) (quotation marks omitted). But the power to toll the statute of limitations is to be "exercised only in extraordinary and carefully circumscribed circumstances." *Mondy v. Secretary of the Army*, 845 F.2d 1051, 1057 (D.C. Cir. 1988). Thus, a plaintiff will not be afforded extra time to file an administrative claim without exercising due diligence, and any excuse presented by a plaintiff must be more than a "garden variety claim of excusable neglect." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). These authorities provide Plaintiff no reprieve, as she has not pled any reason whatsoever to explain her failure to initiate the EEO process within 45 days.

2. For similar reasons, Plaintiff's remaining claims are also untimely as they remain under investigation at the administrative level and it has not been 180 days since Plaintiff filed her EEO complaint. *See* 29 C.F.R. § 1614.108(h). In her Amended Complaint, she complains of an unjust suspension, *see* Am. Compl. ¶ 3, retaliation for a pending grievance, *id.* ¶ 4, denials of reasonable

accommodations, *id.* ¶ 5, "bully[ing]," *id.* ¶ 6, retaliation for "intent to bring civil litigation," *id.* ¶ 7, "victimiz[ation]," *id.* ¶ 8, and being forced out of work, *id.* ¶ 9.   In her EEO Claim, she complains of retaliation, denials of reasonable accommodations, harassment, bullying, mistreatment, and being "off" of work involuntarily.   *See* Ex. D at 1.[5]   These claims were filed on August 9, 2017, and thus have not yet been exhausted.

## III.   Plaintiff's Claims Fail For Several Other Reasons

Although not the "model of clarity," Mem. Op. a 2 (ECF No. 37), the claims in Plaintiff's Amended Complaint appear also to fail for several additional reasons.

*Hostile work environment.*   Plaintiff's allusion to a hostile work environment fails to state a claim for at least two reasons.   *See* Am. Compl. ¶ 3.   First, as this Court has held, "[t]he bar for demonstrating a hostile work environment claim is a high one."   *Achagzai*, 170 F. Supp. 3d at 183. "A hostile work environment typically consists of several individual acts that 'may not be actionable on [their] own' but become actionable due to their 'cumulative effect.'"   *Baird v. Gotbaum*, 792 F.3d 166, 168 (D.C. Cir. 2015) (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 115 (2001)).   To succeed on such a claim, a plaintiff must show "that his employer subjected him to 'discriminatory intimidation, ridicule, and insult' that is 'sufficiently severe or pervasive to alter the conditions of his employment and create an abusive working environment.'" *Baloch*, 550 F.3d at 1201 (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)).   But federal employment laws are not a general civility code for the American workplace, nor does it serve as a remedy for all instances of verbal or physical harassment, for it does not 'purge the workplace

---

[5] *See also* USPS Partial Acceptance of Claims (Sept. 7, 2017) (attached as Ex. E) (noting also that Plaintiff's 2017 EEO Complaint included claims of "harass[ment] regarding your shoes, pants, and mobile devise," complaints about work assignments, denial of schedule change requests, physical and verbal assault, abolishment of job, and denials of reasonable accommodation).

of vulgarity.'"  *Stewart v. Evans*, 275 F.3d 1126, 1133 (D.C. Cir. 2002) (quotation marks and citation omitted).  Rather, the "conduct must be extreme to amount to a change in the terms and conditions of employment."  *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998).

Here, Plaintiff offers nothing more than a passing conclusory allegation to support her hostile work environment claim—baldly asserting that there was a hostile work environment because of "jokes, smirks and nitpicking."  Am. Compl. ¶ 3.  But, of course, such "labels and conclusions … will not do."  *Iqbal*, 556 U.S. at 678.  Indeed, Plaintiff fails at the pleading stage to describe a work environment that could even be established to be "permeated with discriminatory intimidation, ridicule, and insult."  *Harris*, 510 U.S. at 21.  Accordingly, this Court should similarly dismiss Plaintiff's hostile work environment claim for her failure to state a claim.

*Miscellaneous claims*.  Throughout Plaintiff's Amended Complaint, she fails to provide the factual allegations necessary to state a claim.  For instance, her bald claim that she was "retaliated against … due to [her] pending grievance" Am. Compl. ¶ 4, does not even rise to the level of including "a formulaic recitation of the elements of a cause of action" that the Supreme Court has held fails to satisfy the Federal Rules of Civil Procedure.  *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (quotation marks omitted).  Similarly, Plaintiff's generic claims that she was "victimized," Am. Compl. ¶ 8, or "bullied," *id.* ¶ 6, fail to state a claim for the simple fact that Plaintiff fails to identify any cause of action related to either.  And, to the extent that she asks this Court to infer retaliation (or another claim) relevant to these allegations, her Amended Complaint again falls woefully short of satisfying the Federal Rules of Civil Procedure for such claims.  *See Iqbal*, 556 U.S. at 675.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court dismiss Plaintiff's claims with prejudice.

December 21, 2017                    Respectfully submitted,

                                     JESSIE K. LIU
                                     D.C. Bar #472845
                                     United States Attorney

                                     DANIEL F. VAN HORN
                                     D.C. BAR # 924092
                                     Chief, Civil Division

                          By:    /s/ Brian J. Field_____
                                 BRIAN J. FIELD
                                 D.C. BAR #985577
                                 Assistant United States Attorney
                                 555 4th Street, N.W.
                                 Washington, D.C. 20530
                                 Tel: (202) 252-2551
                                 E-mail: Brian.Field@usdoj.gov