# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PAULETTE A. WILLIAMS,<br><br>   *Plaintiff*,<br><br> v.<br><br>MEGAN J. BRENNAN, Postmaster General, *et al.*,<br><br>   *Defendants*. | Civil Action No. 17-1285 (RDM) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Paulette Williams, proceeding *pro se*, brought this action against sixteen defendants alleging a host of claims relating to her tenure as an employee of the United States Postal Service. On October 24, 2017, the Court dismissed almost all of Williams's claims but left intact her Rehabilitation Act claims against Meghan Brennan, in her official capacity as Postmaster General of the United States. *See Williams v. Brennan*, 285 F. Supp. 3d 1, 6–7 (D.D.C. 2017) ("*Williams I*"). On August 15, 2018, the Court dismissed Williams's remaining claim under the Rehabilitation Act for lack of subject matter jurisdiction. *See Williams v. Brennan*, No. 17-1285, 2018 WL 3910832, at *7 (D.D.C. Aug. 15, 2018) ("*Williams II*"). As explained in that memorandum opinion, the Court determined that Williams had not exhausted her administrative remedies because, at the time she commenced the lawsuit, Williams had either never filed—or, had filed and then prematurely withdrawn—an EEO administrative complaint regarding her remaining Rehabilitation Act allegations. *Id.* at *6. Concluding that filing a formal complaint was a jurisdictional prerequisite to filing suit under the Rehabilitation Act, the Court dismissed Williams's remaining claim for lack of subject matter jurisdiction. *Id.* Williams

has now moved for reconsideration of that dismissal. Dkt. 49. For the reasons stated below, the Court will **DENY** her motion for reconsideration.

Although Williams does not identify which of the Federal Rules of Civil Procedure she relies upon, "a motion to reconsider a final judgment is generally treated as a Rule 59(e) or Rule 60(b) motion." *West v. Holder*, 309 F.R.D. 54, 55 (D.D.C. 2015). Under either rule, however, a "[m]otion[] for reconsideration . . . [is] 'not simply an opportunity to reargue facts and theories upon which a court has already ruled,'" *Black v. Tomlinson*, 235 F.R.D. 532, 533 (D.D.C. 2006) (quoting *New York v. United States*, 880 F. Supp. 37, 38 (D.D.C. 1995)), or to "present[] theories or arguments that could have been advanced earlier," *Ali v. Carnegie Inst. of Wash.*, 309 F.R.D. 77, 81 (D.D.C. 2015) (quoting *Estate of Gaither ex rel. Gaither v. District of Columbia*, 771 F. Supp. 2d 5, 10 (D.D.C. 2011)). Relief under Rule 59(e) "is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Ciralsky v. CIA*, 355 F.3d 661, 671 (D.C. Cir. 2004) (quoting *Firestone v. Firestone,* 76 F.3d 1205, 1208 (D.C. Cir. 1996)). "[T]he decision to grant or deny a [R]ule 60(b) motion is," likewise, "committed to the discretion of the [d]istrict [c]ourt," *United Mine Workers of Am. 1974 Pension v. Pittston Co.*, 984 F.2d 469, 476 (D.C. Cir. 1993), and requires that the movant make a showing of "extraordinary circumstances," *Cohen v. Bd. of Trs. of the Univ. of D.C.*, 819 F.3d 476, 485 (D.C. Cir. 2016) (quoting *Kramer v. Gates*, 481 F.3d 788, 790 (D.C. Cir. 2007)). Under either standard, Williams has failed to carry her burden of demonstrating that reconsideration is warranted.

In her motion for reconsideration, Williams argues that "she did satisfy [the requirement of] exhausting [her] administrative remedies" by "filing another complaint against [the Postal

Service] before the startup of this case." Dkt. 49 at 2. Williams contends that her August 9, 2017 formal complaint—which she did not file until *after* commencing this action—was "a continuation" of the pre-complaint counseling that she began in May 2017, which "every Postal Service employee must utilize[] in order to begin the process of filing an EEO complaint." *Id.* at 1. Williams contends that she did not file a formal complaint sooner than August 9, 2017 because, prior to that date, the EEO counselor had not sent her a formal complaint form, which the counselor can only issue "should the counselor see fit for a valid charge to be lodged against the employer." *Id.* Because that request for pre-complaint counseling, Dkt. 41-5, bears the same case number as her formal complaint from August 9, 2017, Williams appears to argue that she exhausted her administrative remedies because she "had already processed this case" via her "previous conversation" with an EEO counselor during their informal consultation in May 2017. Dkt. 49 at 2.

None of this alters the Court's conclusion that Williams failed to exhaust her administrative remedies before bringing suit. As the Court understands Williams's description of events, she initiated mandatory counseling with the EEO Office in May 2017. The problem, however, is that "[f]iling a formal complaint is a prerequisite to exhaustion." *Hamilton v. Geithner*, 666 F.3d 1344, 1350 (D.C. Cir. 2012). Nothing that Williams has presented in her motion for reconsideration alters the Court's jurisdictional analysis: *Spinelli v. Goss* "held that federal court 'jurisdiction depended on the "final disposition of [an administrative] complaint."'" *Doak v. Johnson*, 798 F.3d 1096, 1103–04 (D.C. Cir. 2015) (alteration in original) (quoting *Spinelli v. Goss*, 446 F.3d 159, 162 (D.C. Cir. 2006)). Because Williams had not filed an administrative complaint—or had filed and then withdrawn a complaint—before commencing

this action, there was no "final disposition" or failure to act sufficient to sustain this Court's jurisdiction.

Indeed, even if the Court were to take May 15, 2017 as the date on which Williams filed an administrative complaint—as opposed to the date she commenced the counseling process—she still would not have exhausted her administrative remedies. Once an employee files a formal grievance, the agency then has 180 days to provide the aggrieved party with a copy of the investigative file and to notify her that she has a right to request a hearing or a final agency decision. 29 C.F.R. § 1614.108(f). Only after 180 days have passed, regardless of whether the agency has issued a report or rendered a decision, can the aggrieved party file suit. 29 C.F.R. §§ 1614.108(g), 1614.407(b). On June 29, 2017—the date Williams commenced this action—180 days had not passed since May 15, 2017.

The D.C. Circuit has described the process of pursuing an individual EEO complaint as "labyrinthine," and a federal employee seeking redress for alleged discrimination must "navigate a maze of administrative processes before they can bring a claim to federal court." *Niskey v. Kelly*, 859 F.3d 1, 5 (D.C. Cir.), *cert. denied sub nom. Niskey v. Duke*, 138 S. Ct. 427 (2017). But at the same time, the D.C. Circuit has clearly spoken to the jurisdictional requirement for bringing suit under the Rehabilitation Act. *See Doak*, 798 F.3d at 1103. Because Williams has not raised any previously unavailable facts or intervening changes in the law that might alter the Court's conclusion that it lacked jurisdiction over Williams's suit, the Court must deny her motion for reconsideration.

Accordingly, it is hereby **ORDERED** that Williams's motion for reconsideration, Dkt. 49, is **DENIED.**

    **SO ORDERED.**

                                                /s/ Randolph D. Moss
                                                RANDOLPH D. MOSS
                                                United States District Judge

Date:   August 22, 2018